UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CAMILO VELEZ,

                        Plaintiff,

             -against-

Police Officer MACK LIPINSKI, Shield No. 00926; Sergeant BRIAN WINROW, Shield No. 4213; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------- x

**FIRST COMPLAINT AMENDED COMPLAINT**

15 CV 2137 (VEP)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Camilo Velez ("plaintiff" or "Mr. Velez") is a resident of Tampa, Florida.

7. Defendant Police Officer Mack Lipinski, Shield No. 00926 ("Lipinski"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lipinski is sued in his individual and official capacities.

8. Defendant Sergeant Brian Winrow, Shield No. 4213 ("Winrow"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Winrow is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 4:00 p.m. on October 7, 2014, plaintiff was lawfully present in the vicinity of 660 East 187th Street in Bronx, New York.

13. Mr. Velez saw his cousin, said hello and handed him a cigar.

14. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, and while still on the street, defendants approached Mr. Velez, opened his pants and conducted an illegal search by reaching into his pants.

15. Defendants found nothing illegal in their search of Mr. Velez.

16. Mr. Velez and his cousin both showed defendants the legal cigar that plaintiff had given his cousin.

17. Notwithstanding, defendants arrested Mr. Velez.

18. At the precinct the officers falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff commit various crimes including criminal possession and sale of a controlled substance and prepared false paperwork, including an arrest report.

19. At the precinct the officers also falsely informed employees of the Bronx County District Attorney's Office that they had found marijuana in plaintiff's pocket.

20. At no point did the officers observe plaintiff hand marijuana to anyone.

21. At no point did the officers find marijuana on Mr. Velez.

22. On October 8, 2014, plaintiff was arraigned in Bronx County Criminal Court, where the criminal chargers were immediately adjourned in contemplation of dismissal.

23. After approximately nineteen hours in custody, plaintiff was released.

24. Mr. Velez suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, an unlawful strip search and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The individual defendants created false evidence against plaintiff.

33. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

34. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   July 7, 2015
         New York, New York

                              HARVIS WRIGHT & FETT LLP

                              _____
                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@hwf.nyc

                              *Attorneys for plaintiff*